IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS JONES,

    Plaintiff,               No. CIV S-07-0528 MCE DAD PS

    vs.

UNKNOWN,

    Defendants.         ORDER

_____/

        Plaintiff, proceeding pro se, has submitted an uncaptioned, untitled document in which he complains that a portion of an unidentified bike trail is closed due to a fire, forcing him to "go around on busy side streets with many cars while I'm walking with my bike that has flat tire." Plaintiff claims his right to liberty and pursuit of happiness has been infringed. He states that he is petitioning the government for a redress of grievances under the First Amendment. The Clerk of the Court liberally construed plaintiff's one-page document as a complaint and opened this civil rights action. The proceeding has been referred to the undersigned magistrate judge pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has not paid the $350.00 filing fee or submitted an application to proceed in forma pauperis. This action cannot proceed until plaintiff has paid the fee in full or demonstrated his inability to pay the filing fee. See 28 U.S.C. §§ 1914 & 1915.

1

At the present time, an application to proceed in forma pauperis would be denied because the filing that has been construed as a complaint is so conclusory that the court is unable to determine whether this action can proceed. See 28 U.S.C. § 1915. Plaintiff's filing does not establish this court's jurisdiction over his claim, does not identify the person or persons plaintiff wishes to sue, does not contain an adequate statement of federal claims, and does not state what relief plaintiff seeks from this court. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must, at a minimum, establish the court's jurisdiction, identify the defendants, state the relief sought, and give fair notice of the claims to the defendants. Fed. R. Civ. P. 8. See also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's filing fails to comply with the minimum requirements of Rule 8. The filing, construed as a complaint, must be dismissed with leave to file an amended complaint.

If plaintiff wishes to proceed with this action, he must submit an amended complaint. See Local Rule 15-220. The amended complaint will supersede the filing that has been construed as a complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the amended complaint, as if it were the original complaint filed in this action, each defendant must be named and each claim against each defendant must be sufficiently alleged. The amended complaint must be accompanied by the required filing fee of $350.00 or a properly completed application to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within fifteen days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed for failure to comply with court orders and applicable statutes;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff is granted fifteen days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and with

1 Local Rules 5-133(g), 7-130, and 7-131(a) and (b); the amended complaint must be titled

2 "Amended Complaint" and must bear the case number assigned to this case; failure to file an

3 amended complaint that complies with this order will result in a recommendation that this action

4 be dismissed without prejudice.

5 DATED: March 20, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
Ddad1\orders.prose\jones0528.nocfee